STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-2003-115

RICHARD SABO,
        Plaintiff,

  v.

ST. JOSEPH HOSPITAL,
        Defendant.

)
)
)
)
)
)
)
)
)
)

APR 20 2005

ORDER

FILED & ENTERED
SUPERIOR COURT

MAR 17 2005

PENOBSCOT COUNTY

      Defendant moves for summary judgment on the Plaintiff's Complaint. The facts are well established and do not need to be repeated here.

      Plaintiff brings his claim pursuant to the Maine Whistleblower Protection Act (WPA)and the Maine Human Rights Act (MHRA). The facts suggest that the Plaintiff was a vocal and consistent complainer who frequently voiced dissatisfaction regarding health and safety conditions in the Sterile Processing Department. The parties seem to agree that complaints about health and safety followed by the termination of the complaining employee's employment bring the case within the ambit of the WPA. However, Defendant asserts that the Plaintiff was terminated because of repeated inappropriate communications, not the content of the communications. In addition, it is asserted that Plaintiff violated Defendant's employment policy by discussing a co-employee's medical condition (despite the fact that she may have waived any of her rights to confidentiality by discussing her condition with Plaintiff).

      In response, Plaintiff argues that the reasons given in support of his termination are pretextual and that the Defendant fired him because of his alleged whistle blowing.

      The parties agree that this matter is governed by the well established burden-shifting procedure established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and the pretext analysis noted in *Doyle v. Human Services*, 2003 ME 61, 824 A.2d 48. This court cannot conclude, as a matter of law, that no rational trier of fact could find that the Plaintiff was, in fact, terminated because of his whistleblower activities. For this reason, the Defendant's Motion for Summary Judgment on this points is denied.

      Defendant moves for summary judgment on the issue of compensatory and punitive damages. In regard to any damages available only upon a showing of malice or ill will, the Motion for Summary Judgment is taken under advisement. Counsel shall make no mention of punitive damages during opening statements or during the evidence unless specifically approved by the court. Defendant may renew the motion (in the form of a Rule 50 motion) at any appropriate point in the future.

Accordingly, the docket entry shall be: Defendant's Motion for Summary Judgment is granted in part and remains under advisement in part.

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 17, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. CV-2003-115

MARSHALL JENSEN,                    )
            Plaintiff,              )
                                    )
                                    )
     v.                             )        ORDER
                                    )
                                    )
ST. JOSEPH HOSPITAL,                )
            Defendant.              )

FILED & ENTERED
SUPERIOR COURT

MAR 17 2005

PENOBSCOT COUNTY

Defendant moves for summary judgment on the various claims asserted in Plaintiff's Complaint. The facts are well established and do not need to be repeated here.

The court agrees with the Defendant's assertion that the Plaintiff would not qualify as a disabled person under the Americans with Disabilities Act (ADA), 42 USC §12102(2). However, the court is equally satisfied that the Maine Human Rights Act (MHRA), 5 MRSA §4553(7-A), under which the Plaintiff brings this claim, establishes an additional criterion for disability - a physician's certification of such. In this matter, Dr. West has rendered an opinion which clearly makes the prima facie showing which Plaintiff must offer to avoid summary judgment.

The parties agree that this matter is governed by the well established burden-shifting procedure established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and the pretext analysis noted in *Doyle v. Human Services*, 2003 ME 61, 824 A.2d 48. While the Defendant makes a strong showing of a valid, non-discriminatory basis for terminating the Plaintiff's employment, and the Plaintiff, by comparison, appears hard pressed to prove that the termination was pretextual, the court cannot say that the Defendant is entitled to judgment as a matter of law on these points. Stated otherwise, the court cannot conclude that no rational trier of fact could find otherwise on the disability, failure to accommodate and whistleblower actions. For this reason, the Defendant's Motion for Summary Judgment on these points is denied.

By contrast, the facts asserted in support of Plaintiff's claim of gender based discrimination are insufficient as a matter of law to support a verdict in his favor. He offers two facts in support of his claim.

First, his supervisor for a period of his employment allegedly chastised and berated him and challenged him to "...grow up and be a man..." (or words to that effect). When read in context, it is clear that the supervisor was using the word "man" in the sense being an adult or acting like an adult. There is no suggestion that she was making a gender distinction - she was exhorting the Plaintiff to demonstrate mature qualities, not specifically male qualities. She was not singling him out for particular treatment based upon his gender. Further, the supervisor was remonstrated for her actions in this tirade. She was removed from her supervisory capacity. She played no role in the employment termination decision.

Secondly, Plaintiff asserts that a female employee in his department apparently suffered some manner of knee injury (she was seen wearing a knee brace) and was assigned to office work while he remained on the job in the Sterile Processing Department while he had his problems with his knee. He suggests that he has been the victim of disparate treatment. However, the record is devoid of any details of the woman's medical records or restrictions. Without proof of her medical condition, the Plaintiff simply cannot make out a case of gender-based disparate treatment. Accordingly, the Defendant's Motion is granted on the claim of gender-based discrimination.

Defendant moves for summary judgment on the issue of compensatory and punitive damages. In regard to any damages available only upon a showing of malice or ill will, the Motion for Summary Judgment is taken under advisement. Counsel shall make no mention of punitive damages during opening statements or during the evidence unless specifically approved by the court. Defendant may renew the motion (in the form of a Rule 50 motion) at any appropriate point in the future.

Accordingly, the docket entry shall be: Defendant's Motion for Summary Judgment is granted in part and remains under advisement in part.

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 17, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

RICHARD T SABO ET AL VS ST JOSEPH HOSPITAL
UTN:AOCSsr  -2003-0062288

                                              CASE #:BANSC-CV-2003-00115
-----------------------------------------------------------------------------
RICHARD  T. SABO                                        PL
ATTY GREIF, ARTHUR  Tel# (207) 947-2223
ATTY ADDR:82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339


MARSHALL  E. JENSEN                                     PL
ATTY GREIF, ARTHUR  Tel# (207) 947-2223
ATTY ADDR:82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339


ST JOSEPH HOSPITAL                                      DEF
ATTY MCGUIRE, FRANK T.   Tel# (207) 947-4501
ATTY ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401




M=More, Space = Exit:M

Select the EXIT KEY for page selection line.

STATE OF MAINE                                OCT 18 2005              SUPERIOR COURT
PENOBSCOT, SS.                                                        Docket No. CV-2003-115

                                                                      AMM-PEN- 10/11/05

MARSHALL JENSEN,              )
                    Plaintiff, )
                              )
                              )
                              )
          v.                  )              **ORDER**
                              )
                              )
                              )
ST. JOSEPH HOSPITAL,          )
                  Defendant.  )

FILED & ENTERED
SUPERIOR COURT
OCT 12 2005
PENOBSCOT COUNTY

This matter is before the court upon the Defendant's Second Motion for Summary Judgment. The Defendant seeks summary judgment on Count III of the Plaintiff's Complaint. This matter must be placed in context by this court's Orders of March 17 and April 25, 2005. At issue is whether the Plaintiff suffered from a physical or mental disability as defined by 5 MRSA §4553(7-A) – a threshold requirement for his claim under the Maine Human Rights Act, 5 MRSA §4551, et seq.

Plaintiff's claimed disability consisted of a ligamentous tear which was surgically repaired and resulted in a full recovery. Neither party suggests that this condition constitutes as disability as defined under the Americans with Disabilities Act, 42 USC §12102(2), or regulations of the Maine Human Rights Commission. The Plaintiff asserts instead that the Maine Human Rights Act provides a more lenient standard for qualifying disability, although he is unable to articulate precisely what that standard would be. Instead, he founds his argument upon the portion of 5 MRSA §4553(7-A) which includes the following in the definition of disability:

> "...the physical or mental condition of a person that constitutes a substantial disability as determined by a physician..."

In other words, a physician can establish the existence of a qualifying disability by invoking the language noted above.

As the record discloses, some confusion existed regarding whether the Plaintiff's physician (Dr. West) was, or was not, prepared to make this certification. The court had earlier assumed that the doctor was impliedly asserting in his affidavit that the disability was substantial. However, upon further review and reconsideration, it appeared equally possible that he was not.[1] For the purposes of clarity and fairness, the court

---

[1] Dr. West stated in his affidavit that he is of the opinion that the Plaintiff "...suffered from a disability during the course of my treatment, from February 2, 2002 through his arthroscopic surgery on March 1, 2002, and continuing until I last treated Mr. Jensen on June 25, 2002...".

allowed the parties to explore the issue before the court entered a final judgment upon this point. The parties have taken the deposition of Dr. West and his opinions appear in the record.

The court is satisfied that Dr. West is consciously and affirmatively not willing to certify that the Plaintiff's earlier ligamentous problems constituted a substantial disability at any point in time. He allows that the Plaintiff may have been substantially limited in kneeling, crawling and squatting for several months prior and subsequent to the surgery, but a "substantial limitation" on certain physical maneuvers does not equate to a "substantial disability" for the purposes of the statute. In the absence of a physician's certification of a substantial disability (or facts suggesting a disability as otherwise provided in 5 MRSA §4553(7-A), the Plaintiff has failed to establish the necessary prima facie showing of a qualifying disability. As such, the Defendant is entitled to judgment as a matter of law on Count III of the Complaint.

Accordingly, the docket entry shall be: Defendant's Motion for Summary Judgment is granted with regard to Count III of the Complaint.

The Clerk may incorporate this Order upon the docket by reference.

Dated: October 11, 2005

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

RICHARD T SABO ET AL VS ST JOSEPH HOSPITAL
UTN:AOCSsr  -2003-0062288                    CASE #:BANSC-CV-2003-00115
-------------------------------------------------------------------------
SEL VD                                REPRESENTATION TYPE      DATE
01 0000002551 ATTORNEY:GREIF, ARTHUR
ADDR:82 COLUMBIA ST PO BOX 2339 BANGOR ME 04402-2339
    F FOR:RICHARD T SABO                     PL          RTND  06/26/2003
    F FOR:MARSHALL E JENSEN                  PL          RTND  06/26/2003

02 0000002247 ATTORNEY:MCGUIRE, FRANK T
ADDR:84 HARLOW ST PO BOX 1401 BANGOR ME 04402-1401
    F FOR:ST JOSEPH HOSPITAL                 DEF         RTND  10/27/2003



         Enter Option: A=Add, B+Sel=Browse, M=More, R+Sel=RltnEdit:

Select the EXIT KEY for page selection line.